**Russell Means, Petitioner,**

v.

**The District Court of
the Chinle Judicial District, Respondent.
Decided May 11, 1999**

## OPINION SYLLABUS

Original petition for a writ of prohibition to the Navajo Nation Supreme Court.

HELD: The Chinle District Court has criminal jurisdiction over Russell Means, a member of the Oglala Sioux Nation, for criminal offenses allegedly committed within the Navajo Nation.

Russell Means, the petitioner, allegedly threatened and battered Leon Grant, Means' father-in-law and a member of the Omaha Tribe, and allegedly battered Jeremiah Bitsui, a Navajo. The petitioner was charged on December 28, 1997. He moved to dismiss the criminal charges on the ground that the Navajo Nation has no jurisdiction over nonmember Indians. Judge Ray Gilmore denied the petitioner's motion to dismiss the three criminal charges on July 20, 1998. The petitioner brought a petition for a writ to prohibit the Chinle District Court from proceeding.

HELD:

1. The Navajo Nation has criminal jurisdiction over all Indians who enter the Navajo Nation under Article II of the United States-Navajo Nation Treaty of 1868 under the "set apart for the use and occupation" language of that article. In addition, the Navajo Nation has criminal jurisdiction over nonmember Indians under the "bad men" clause of Article I of the treaty.

2. Individuals who "assume tribal relations" with Navajos by intermarriage, residence, and other activities are subject to the criminal jurisdiction of the Navajo Nation. That includes any individual, regardless of racial or ethnic membership, who assumes the status of *hadane* or in-law.

3. The assertion of criminal jurisdiction over nonmember Indians violates neither the "Indian preference legislation" or "racial classification" doctrines of equal protection of the law.

The petition was dismissed and the case was remanded to the Chinle District Court for a prompt trial.